# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

'08 MJ 0150

| UNITED STATES OF AMERICA | ) Magistrate Docket No._____ |
|---|---|
| Plaintiff | ) |
| | ) COMPLAINT FOR |
| v. | ) VIOLATION OF: |
| | ) TITLE 18 U.S.C. § 1544 |
| Minerva GOPAR OCHOA | ) Misuse of Passport |
| AKA: Maria T. RIVAS DE MENDEZ | ) |

The undersigned complainant, being duly sworn, states:

On or about January 17, 2008, within the Southern District of California, defendant Minerva GOPAR OCHOA did knowingly and willfully use a passport issued or designed for the use of another, with the intent to gain admission into the United States in the following manner, to wit: Defendant applied for entry to the United States by presenting an altered US passport bearing the false passport number 035930073, issued in the name Maria Trinidad RIVAS DE MENDEZ, to a Department of Homeland Security, Customs and Border Protection Officer, knowing full well that she was not Maria Trinidad RIVAS DE MENDEZ, that the passport was not issued or designed for her use, and that she is not a United States citizen entitled to a U.S. Passport.

All in violation of Title 18, United States Code, Section 1544.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

Richard M. Escott
Senior Special Agent
U.S. Department of State
Diplomatic Security Service

SWORN AND SUBSCRIBED TO before me
This _____ day of _JAN_, 2008

_____ UNITED STATES MAGISTRATE JUDGE



## PROBABLE CAUSE STATEMENT & STATEMENT OF FACTS

I, Richard Michael Escott, being duly sworn, declare under penalty of perjury that the following statement is true and correct:

1. I am a Senior Special Agent (SSA) with the U.S. Department of State, Diplomatic Security Service (DSS) assigned to the San Diego, CA Resident Office. I have been so employed for eight years and have investigated numerous violations involving the false application for and misuse of United States Passports and Visas.

2. During the performance of my duties, I have obtained evidence that Minerva GOPAR OCHOA, aka: Maria Trinidad RIVAS DE MENDEZ used the passport issued for the use of another. This Affidavit is made in support of a complaint against DEFENDANT for violation of Title 18, U.S.C., Section 1544, Misuse of a Passport.

3. On 01/16/2008, at approximately 1700 hours, DEFENDANT presented herself to a Department of Homeland Security, Customs and Border Protection (CBP) Officer at the pedestrian lines of the San Ysidro Port of Entry, to apply for admission into the United States. DEFENDANT identified herself with altered US Passport number 035930073, bearing the name Maria Trinidad RIVAS DE MENDEZ, DPOB 06/04/1963, Mexico, and a photograph of DEFENDANT. Prior to her presenting the passport the CBP Officer noticed that DEFENDANT had changed inspection lanes and was not making eye contact. The Officer asked DEFENDANT her citizenship and destination. She claimed to be a US citizen, bound for San Diego. DEFENDANT was referred for secondary inspection.

4. On 01/16/2008, affiant examined the US Passport that the defendant provided and found signs that the photograph, passport number, and date of birth had been altered. The true passport number of the document was 036930073 and the true date of birth was 06/04/1953. Affiant obtained the application submitted for US passport number 036930073, which matched the name of VICTIM, Maria Trinidad RIVAS DE MENDEZ, DPOB, 06/04/1953, Mexico. The photograph on the passport application did not match the photograph of the passport presented by DEFENDANT. A further check revealed that on 02/06/2007, VICTIM reported to the US Department of State that passport number 036930073 had been lost or stolen.

5. On 01/16/2008, at approximately 1700 hours, the Affiant was sitting in the Primary Inspection area of the San Ysidro Port of Entry area and observed DEFENDANT being escorted into secondary inspection. Affiant was informed that during a search of DEFENDANT's person, a CBP Officer discovered DEFENDANT's true identity documents in DEFENDANT's shoe. Affiant reviewed the documents and found them to be a Mexican Voter Registration card and a Mexican Birth Certificate, both bearing the name Minerva GOPAR OCHOA. Fingerprint checks conducted by CBP Officer revealed that DEFENDANT had previously been arrested by US Border Patrol on May 22, 23, and 25, 1999, each time using her true name.

6. On 01/16/2008, at approximately 2135 hours, DEFENDANT was retrieved from a seating area in the secondary inspection area and was brought to an interview room. The Affiant, assisted by a CBP Officer who

also acted as translator, offered DEFENDANT the opportunity to have her interview audio and video taped, DEFENDANT refused, and signed the refusal segment of the form. DEFENDANT read her Miranda warning aloud in Spanish from a written copy. She indicated that she understood and waived her right to counsel. She admitted that her true name was Minerva GOPAR OCHOA, DPOB, 01/12/1967, Ejutla, Oaxaca, Mexico. She stated that she was a citizen of Mexico and not a citizen of the United States. DEFENDANT admitted that she provided smugglers with photographs so that they could make false documents for her. DEFENDANT stated that it was her understanding that she would have to compensate the smugglers approximately $2,700 for the false document. Smugglers provided DEFENDANT with altered US passport number 035930073, bearing the name Maria Trinidad RIVAS DE MENDEZ, DPOB, 06/04/1963, Mexico, and the photograph that she had provided to the smugglers.

7. DEFENDANT admitted to using the passport in the passport provided by the smugglers to apply for entry into the US on 01/16/2008, at the San Ysidro Port of Entry. DEFENDANT said that she had previously been living illegally in the United States for the previous 8 years. She admitted that she had illegally crossed into the US just days after her last arrest by the US Border Patrol in 1999. DEFENDANT stated that she knew that the passport had not been legally issued or designed for her use, and that by presenting the US passport she was claiming to be a US citizen. She admitted knowing that it was illegal to use the passport of another, to use an altered passport, and to falsely claim to be a US Citizen. DEFENDANY denied being threatened, coerced, or otherwise forced to use the passport she illegally obtained from the smugglers.

8. On the basis of the facts presented in this probable cause statement consisting of 2 pages, I find probable cause to believe that the defendant named in this probable cause statement committed the offenses on 01/16/2008 - in violation of Title18, United States Code, Section 1544: Misuse of a passport - when she knowingly and willfully used the passport belonging to another, Maria Trinidad RIVAS DE MENDEZ, knowing that it was not issued or designed for her use, in order to gain admission into the United States.

Richard M. Escott
Senior Special Agent
U.S. Department of State
Diplomatic Security Service